(No. 75-CV-787—

IN RE APPLICATION OF THEOPHILUS SANDERS.

*Opinion filed March 7, 1977.*

THEOPHILUS SANDERS, Pro Se.

WILLIAM J. SCOTT, Attorney General of Illinois; GARY D. ABRAMS, Assistant Attorney General.

PER CURIAM.

This claim arises out of an alleged criminal offense that occurred on December 30, 1974, at approximately 3:40 p.m., at 639 West 59th Street, Chicago, Illinois. Theophilus Sanders, victim, seeks compensation pursuant to the provisions of "Crime Victims Compensation Act," Ill.Rev.Stat., 1973, Ch. 70, §71, et seq. (hereinafter referred to as the "Act").

Evidence in this cause was taken at a hearing conducted by Joseph P. Griffin, a Commissioner of this Court, following Claimant's objection to the decision of the Court of Claims denying recovery to Claimant. This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court, and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application, and the evidence introduced at the aforesaid hearing. Based upon these documents and evidence, the Court finds:

1. That the Claimant, Theophilus Sanders, age 38, allegedly was the victim of a violent crime as defined in §2(c) of the Act, to wit: "Battery," Ill.Rev.Stat., 1973, Ch. 38, §12-3.

2. That on December 30, 1974, at approximately 3:40 p.m., the Claimant and his brother-in-law were engaged in an argument at 639 West 59th Street, the Claimant's apartment. According to the police investigation report, during this argument the Claimant's brother-in-law, Brooks Tate, age 24, of 5651 South Halsted, stabbed the Claimant in the back and side.

3. That the police report further indicates that the

Claimant then took his pistol and chased his brother-in-law. Thinking that his brother-in-law ran into a tavern, the Claimant entered the tavern with a gun in his hand, whereupon tavern patrons, suspecting a robbery, called the police. When police arrived, they transported the Claimant to St. Bernard Hospital. A warrant was later issued for the offender, Brooks Tate, who was arrested on January 17, 1975, and charged with battery. In April, 1975, he was convicted and sentenced to 1 week in Cook County Jail.

4. That the Claimant incurred medical expenses, but it appears from the evidence introduced at the hearing that the bills were paid by Claimant's insurance company.

5. That Claimant was off work as a result of his injury for a period of 67 days, during which period his employer paid him the sum of $1,160.29. Claimant's claim for lost wages under the Act amounts to $1,067.00, and it therefore appears that he was reimbursed by his employer in an amount greater than his claim.

6. That according to §3(c) of the Crime Victims Compensation, Ill.Rev.Stat., 1973, Ch. 70, §73(c), a person is entitled to compensation if:

. . . the appropriate law enforcement officials were notified of the perpetration of the crime allegedly causing the death or injury to the victim as soon after its perpetration as was reasonably practicable under the circumstances;

7. That the Claimant did not comply with §3(c) of the Act by failing to report the crime to police but choosing instead to pursue his assailant into a public place with a weapon in hand.

8. That pursuant to §3(e) of the Crime Victims Compensation Act, Ill.Rev.Stat., 1973, Ch. 70, §73(e), a person is entitled to compensation if:

. . . the victim and his assailant were not related and sharing the same household.

9. That the Claimant does not comply with §3(e) of the Act in that he is related to his assailant (brother-in-law) and further there is evidence to indicate that the argument resulting in the Claimant's injury was over the use of the Claimant's household by the assailant.

10. That it appears from the evidence that the Claimant was not without a wrongful act or substantial provocation of his assailant, pursuant to §3(f) of the Act.

It is therefore the finding of this Court that the Claimant has failed to meet required conditions precedent to his right to compensation under the Act, and that, in any event, Claimant has not suffered a loss compensable under the Act.

Therefore, this Court finds that no compensation in this claim is authorized under the aforesaid Act. Accordingly, this claim is hereby denied.